DAVID SEROR - Bar No. 67488
JESSICA L. BAGDANOV - Bar No. 281020
BRUTZKUS GUBNER
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: (818) 827-9000
Facsimile: (818) 827-9099
Email:  dseror@brutzkusgubner.com
        jbagdanov@brutzkusgubner.com

Attorneys for Nancy Zamora, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>RANDY JAY RAMIREZ,<br><br>Debtor. | Case No. 1:13-bk-17080-VK<br><br>Chapter 7<br><br>Adv. No. 1:16-ap-_____-VK |
| NANCY ZAMORA, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>ELENA HERNANDEZ, an individual;<br>HERMILO HERNANDEZ, an individual,<br><br>Defendants. | **COMPLAINT FOR DECLARATORY RELIEF, RESCISSION OF ORAL CONTRACT, TURNOVER OF PROPERTY OF THE ESTATE, AND FOR AN ACCOUNTING**<br><br>Status Conference:<br><br>Date: TO BE SET<br>Time: TO BE SET<br>Place: Courtroom 301<br>       United States Bankruptcy Court<br>       21041 Burbank Boulevard<br>       Woodland Hills, CA 91367 |

1

1623307

Nancy Zamora, Chapter 7 Trustee ("Trustee") for the bankruptcy estate ("Estate") of Randy Jay Ramirez ("Debtor"), by and through her counsel of record, complaining of Elena Hernandez and Hermilo Hernandez (collectively, "Defendants"), alleges as follows:

### NATURE OF ACTION

1. By this action, the Trustee seeks a declaration from this Court that the Debtor is the owner of 100% of RJR Restaurant Corporation ("RJR"), a California Corporation whose sole activity is the operation of a Burger King restaurant franchise located at 13310 Osbourne Street, Arleta, California ("Restaurant"). The Trustee is informed that just eight (8) days prepetition and pursuant to an oral agreement by and among the Debtor, Elena Hernandez, and Hermilo Hernandez (collectively referred to herein as the "Parties"), the Debtor purportedly transferred 49% of the stock in RJR to Elena Hernandez, for a payment of $100,000. The Trustee is informed that thereafter, Elena Hernandez transferred her new purported ownership interest in RJR to her son, Hermilo Hernandez, for no consideration (collectively, the "Hernandez 49% Interest").

2. Burger King Corporation ("Burger King") did not provide written consent or authorization for the purported transfer to Elena Hernandez or the subsequent transfer to Hermilo Hernandez. Under the terms of the operative Franchise Agreement, defined below, Burger King asserts that the purported transactions were therefore void ab initio.

3. The Trustee is informed and believes, and based thereon alleges, that the Parties were under the belief that the transaction contemplated was approved by Burger King and/or permitted by the terms of the Franchise Agreement, however all Parties were mistaken as to this material fact. Thus, in addition to declaratory relief, by this action the Trustee also seeks to rescind the contract which gave rise to the Hernandez 49% Interest, restore to the Defendants whatever consideration was paid to the Debtor in exchange for such interest (to the extent any was paid, according to proof), and turnover of the Hernandez 49% Interest, as well as any profits derived therefrom, so that such assets may be administered for the benefit of this Estate.

### STATEMENT OF JURISDICTION

4. On or about November 6, 2013, Debtor filed a voluntary petition under Chapter 13 of Title 11 of the United States Code, commencing the within bankruptcy case. Thereafter, Elizabeth

1623307

F. Rojas was appointed as the Chapter 13 Trustee. On or about March 18, 2014, creditor Umpqua Bank filed a motion to convert the chapter 13 case to one under chapter 7 [Bankr. Doc. 40], which was granted by the Court in an Order entered on or about April 18, 2014 [Bankr. Doc. 52]. Thereafter, Nancy Zamora was duly appointed as Chapter 7 Trustee, in which capacity she continues to serve.

5.  The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (E), 1334(b), and General Order No. 242-A of the District Court for the Central District of California, because this is a core proceeding.

6.  Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a), in that the instant proceeding is related to the Debtor's pending bankruptcy case.

7.  The Trustee consents to final orders or judgment by the Bankruptcy Court.

## PARTIES

8.  Nancy Zamora, Plaintiff herein, brings this action solely in her capacity as the duly appointed and acting Chapter 7 Trustee for the Debtor's Estate.

9.  The Trustee is informed and believes, and based thereon alleges, that Defendant Elena Hernandez is an individual who resides in the Central District of California and is otherwise subject to the jurisdiction of this Court.

10. The Trustee is informed and believes, and based thereon alleges, that Defendant Hermilo Hernandez is an individual who resides in the Central District of California and is otherwise subject to the jurisdiction of this Court.

## GENERAL ALLEGATIONS

11. Since her appointment, the Trustee has been in the process of investigating the financial and business affairs of the Debtor as part of her fiduciary duties.

12. On Schedule B, Debtor scheduled a 51% interest in RJR. RJR is the franchisee under a franchise agreement entered into between Burger King Corporation and RJR on October 11, 1998 ("Franchise Agreement").

13. The Trustee is informed and believes, and based thereon alleges, that the Parties entered into an oral agreement, whereby the Debtor agreed to transfer approximately one-half of his

1623307

interest in RJR to them in exchange for $100,000. Prior to this transaction, the Debtor owned 100% of RJR.

14. On or about October 29, 2013—just 8 days prepetition, Debtor purportedly transferred 960 shares of RJR stock, or approximately 49% of RJR, to Elena Hernandez—a close personal friend of the Debtor—in exchange for $100,000.00. The shares transferred to Elena Hernandez were subsequently transferred to Elena Hernandez's son and also a friend of the Debtor, Hermilo Hernandez, for no consideration. Based on these transfers, the Trustee is informed that Hernandez now asserts a 49% interest in RJR.

15. The Debtor failed to disclose this purported transfer in his Schedules and Statement of Financial Affairs, and further failed to account for his alleged receipt of $100,000 from Elena Hernandez in those Schedules.

16. A basic assumption of this contract between the Parties was that Burger King had authorized the Debtor's transfer, sale, or conveyance of a portion of his interest in RJR, or that such authorization was not required. The Franchise Agreement provides that RJR as the franchisee or its officers and directors may not transfer any equity securities of RJR without the prior written consent of an authorized officer of Burger King. The Trustee is informed and believes, and based thereon alleges, that the Parties believed that they had the requisite authorization.

17. However, the Trustee is informed and believes, and based thereon alleges, that Burger King did not approve of the transfer of Debtor's stock in RJR.

18. The Trustee is further informed and believes, and based thereon alleges, that Elena Hernandez and/or Hermilo Hernandez have received profits from RJR as a result of the Hernandez 49% Interest since October 29, 2013.

19. The Trustee has received information from Burger King that, unless the Trustee is able to sell 100% of RJR through the bankruptcy case to an authorized purchaser, Burger King intends to initiate a notice of default pursuant to the Franchise Agreement. Such notice of default could lead to the revocation of the Franchise Agreement and may render the Estate's interest in RJR worthless.

1623307

### FIRST CLAIM FOR RELIEF

### Declaratory Relief - Against All Defendants

### [11 U.S.C. § 541; 28 U.S.C. § 2201]

20. The Trustee realleges and incorporates by reference the allegations set forth above in paragraphs 1 through 19, as if fully set forth herein.

21. An actual controversy exists between the Trustee, on the one hand, and Defendants and each of them, on the other hand, as to the Debtor's right, title, and interest in and to RJR.

22. The Trustee asserts that the entire 100% of RJR is property of this Estate pursuant to 11 U.S.C. § 541 because the purported transfer from Debtor to Elena Hernandez, and the subsequent transfer from Elena Hernandez to Hermilo Hernandez, were not authorized by Burger King in accordance with the express terms of the Franchise Agreement.

23. The Trustee is informed and believes, and based thereon alleges, that Debtor and Elena Hernandez believed that the transfer of 49% of RJR was authorized at the time of the purported transfer, and further that Elena Hernandez believed she had authority to transfer the same to Hermilo Hernandez.

24. Consequently, the Trustee is informed and believes, and based thereon alleges, that Hermilo Hernandez believes he is the rightful owner of 49% of RJR.

25. As a result of the actual controversy herein, the Trustee requests that this Court issue an order declaring that the entirety of RJR is property of this Estate.

### SECOND CLAIM FOR RELIEF

### Rescission of Oral Contract - Against All Defendants

26. The Trustee realleges and incorporates by reference the allegations set forth above in paragraphs 1 through 25, as if fully set forth herein.

27. The Trustee is informed and believes, and based thereon alleges, that Debtor, Elena Hernandez, and Hermilo Hernandez, and each of them, made a mutual mistake of a material fact that the transaction by which Debtor transferred 49% of RJR to Elena Hernandez, and subsequently Elena Hernandez transferred that interest to Hermilo Hernandez, was authorized by Burger King.

5

28. The Trustee is further informed and believes, and based thereon alleges, that Burger King did not authorize that transaction, and in fact intends to initiate a notice of default pursuant to the Franchise Agreement as a result thereof.

29. The Parties' mistake as to Burger King's authorization was a basic assumption of the contract between them, and such mutual mistake had a material effect on the agreed exchange of performances under the contract.

30. The Trustee is informed and believes, and based thereon alleges, that the Debtor did not bear the risk of the mutual mistake, and that enforcement of the contract would be unconscionable under the circumstances. Specifically, to the extent the contract is not rescinded, Burger King intends to initiate notice of default proceedings, which would render Hermilo Hernandez unable to operate RJR as a Burger King franchisee, and would also render the Estate's interest in RJR worthless.

31. The Trustee, standing in the shoes of the Debtor, offers to restore to the Defendants whatever Defendants paid to the Debtor as consideration for the Hernandez 49% Interest, to the extent any consideration was paid, and to the extent Defendants prove what was paid.

32. Based on the foregoing, the Trustee is entitled to judgment rescinding the contract by which Hermilo Hernandez obtained the Hernandez 49% Interest.

### THIRD CLAIM FOR RELIEF

**Turnover of Property of the Estate - Against All Defendants**

**[11 U.S.C. § 542]**

33. The Trustee realleges and incorporates by reference the allegations set forth above in paragraphs 1 through 32, as if fully set forth herein.

34. As of the petition date, the Debtor was entitled to a possessory and equitable interest in the Hernandez 49% Interest in RJR, as well as the profits derived therefrom, because the prepetition transfer of such interest to Elena Hernandez and the subsequent transfer to Hermilo Hernandez were void ab initio.

35. Pursuant to the express terms of the Franchise Agreement, the Debtor was not authorized to transfer any interest in RJR to another person or entity without prior express written

1623307

consent from Burger King, and such consent was not obtained notwithstanding the parties' mutual belief that the Debtor had obtained approval. Thus, the transfer of stock from the Debtor to Elena Hernandez was void ab initio. Similarly, the purported transfer of the Hernandez 49% Interest from Elena Hernandez to Hermilo Hernandez was not authorized by Burger King, and is void ab initio.

36. The Hernandez 49% Interest, and any profits derived therefrom, is not of inconsequential value to the Estate. To the contrary, the Trustee is informed and believes, and based thereon alleges, that it is of substantial value to the Estate.

37. Based on the foregoing, the Trustee, as representative of this Estate, is entitled to turnover of the Hernandez 49% Interest and any profits derived therefrom from October 29, 2013 through the present date.

## FOURTH CLAIM FOR RELIEF

### For An Accounting - Against All Defendants

38. The Trustee realleges and incorporates by reference the allegations set forth above in paragraphs 1 through 37, inclusive as if fully set forth herein.

39. The Trustee is further informed and believes, and based thereon alleges, that Elena Hernandez and/or Hermilo Hernandez has received profits from RJR as a result of the Hernandez 49% Interest, and as set forth above such profits are property of this Estate.

40. By this complaint, the Trustee demands an accounting of the profits derived from the Hernandez 49% Interest from the date of October 29, 2013 through the present date.

## PRAYER FOR RELIEF

**WHEREFORE**, the Trustee prays for judgment against Defendants as follows:

1. On the First Claim for Relief, for a declaration that the entirety of RJR, including the Hernandez 49% Interest, is property of the Estate pursuant to 11 U.S.C. § 541 because the purported transfers from the Debtor to Elena Hernandez, and from Elena Hernandez to Hermilo Hernandez, were void as violative of the Franchise Agreement;

2. On the Second Claim for Relief, for rescission of the oral contract entered into by and among the Parties on the basis of mistake;

1623307

      3.      On the Third Claim for Relief, ordering Defendants to turn over the Hernandez 49% Interest and any profits derived therefrom between October 29, 2013 and the present date to the Trustee for the benefit of the Estate;

      4.      On the Fourth Claim for Relief, for an accounting of the profits derived from the Hernandez 49% Interest from the date of October 29, 2013 through the present date;

      5.      On All Claims for Relief, for the Trustee to be awarded costs of suit incurred in connection with this action; and

      6.      For such other and further relief as the Court deems just and proper.

Dated: September 1, 2016                  BRUTZKUS GUBNER

By: /s/ Jessica L. Bagdanov
     David Seror
     Jessica L. Bagdanov
     Attorneys for Nancy Zamora, Chapter 7 Trustee

1623307